**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50079 |
| Plaintiff-Appellee, | D.C. No. 8:13-cr-00220-CJC |
| v. | |
| WILLIAM KEITH KNOX, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted December 18, 2017[**]

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

William Keith Knox appeals from the district court's judgment and

challenges the 63-month sentence imposed following his guilty-plea conviction for

wire fraud, in violation of 18 U.S.C. § 1343. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Knox contends that his guilty plea was not knowing and voluntary. He asserts that his questions and statements during the change-of-plea hearing reflect that he did not understand the plea. He further contends that the court failed to remedy his confusion and confirm that he was pleading guilty voluntarily, as Federal Rule of Criminal Procedure 11 requires. We review the voluntariness of a plea de novo, and an unpreserved Rule 11 claim for plain error. *See United States v. Carter*, 795 F.3d 947, 950 (9th Cir. 2015).

Contrary to Knox's argument, the record reflects that the court thoroughly reviewed all aspects of Knox's plea with him, gave him multiple opportunities to speak privately with his attorney, and adequately addressed his questions and requests for clarification. The totality of the circumstances show that his plea was knowing and voluntary. *See United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001). Moreover, there was no plain Rule 11 error; the district court twice confirmed that Knox was pleading guilty voluntarily and the record does not reflect that Knox would have pled differently had the court inquired further. *See* Fed. R. Crim. P. 11(b)(2); *United States v. Escamilla-Rojas*, 640 F.3d 1055, 1061-62 (9th Cir. 2011).

**AFFIRMED.**